IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                           PLAINTIFF/RESPONDENT

V.                        No.  2:10-CR-20007
                          No.  2:12-CV-02028
JESUS SALAS                                        DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 24 filed February 8, 2012, under 28 U.S.C. §2255.  The Government filed its Response, *See ECF No.* 27 on March 2, 2012, and the Petitioner has not filed a Reply.

### I.  Background

On November 18, 2009, a federal grand jury returned a four-count Indictment against Jesus Salas ("Salas") (ECF No. 1). Each count involved the distribution of methamphetamine. On April 8, 2010, pursuant to a Plea Agreement, Salas appeared with counsel for a Change of Plea Hearing before the Honorable Robert T. Dawson (ECF No. 16). As a result, Salas entered a guilty plea to Count One of the Indictment with the United States expressing intentions to dismiss Counts Two, Three, and Four at sentencing (ECF No. 17).  On September 1, 2010, the Court sentenced Salas to 70 months imprisonment, followed by 5 years supervised release, $1,000 fine, and a $100 special assessment (ECF No. 21).

On February 8, 2012, Salas filed this instant pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody claiming he received

-1-

ineffective assistance of counsel during the plea stage and sentencing stage of his proceedings. (ECF Nos. 24 and 25).  On March 23, 2012 the Defendant filed a Motion for Fast Track Application and Motion to Reduce Sentence (ECF No. 28).

## II.  Discussion

### A.  Untimeliness of Motion

The Defendant's Motion is untimely. A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the date on which the judgment of conviction becomes final. In this case Judgment was entered September 1, 2010, and, since no appeal was filed, became final on September 15, 2010.  See Fed. R. App. P. 4(b)(1)(A); *See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir.2005) (noting that, where defendant failed to file direct appeal, his conviction became final ten days after the entry of judgment).  Thus, pursuant to 28 U.S.C. §2255(f)(1), Salas had until September 15, 2011 to file his petition for habeas relief. In this case, Salas' § 2255 Motion was not filed until February 8, 2012, some 1 year, 4 months, and 24 days after his conviction became final.

The Defendant contends that his untimely filing was due to his attorney's failure to file an appeal (ECF No. 24, ¶18).  The Defendant cites several cases and purports to quote from those cases but he does not ever assert that he instructed his attorney to file an appeal. If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v.Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Defendant does not  assert in his Motion that his attorney was ineffective for failing to file an appeal but merely that he should not be time barred because his attorney did not file an appeal.

The Defendant makes no claim nor asserts any fact concerning why he failed to discover that no appeal had been filed until after the statute of limitations had expired. There is no assertion that he ever made any attempt to contact his attorney concerning the status of an appeal. A duly diligent person would have discovered that no appeal had been filed well before the one year statute of limitations ran out. *See Anjulo- Lopez v. U.S.*, 541 F.3d 814, 818 (C.A.8 (Mo.),2008) (Because we think it apparent that a duly diligent person in Anjulo-Lopez's circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion, we conclude that the district court did not abuse its discretion in dismissing the petition as time-barred without an evidentiary hearing.)

**B. Equitable Tolling**

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). Finally, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (*citing United States v. Martin,* 408 F.3d at 1095).

Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake,

has not generally been considered an extraordinary circumstance in this regard. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002); *see also Rouse v. Lee*, 339 F.3d 238, 248-49 (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling).

It is acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, "may warrant equitable tolling." *Beery*, 312 F.3d at 952. Other circuits have also held that an attorney's misdeeds may equitably toll the statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling state habeas petitioner's statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (holding that petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001) (noting that claims of attorney misconduct may provide a basis for equitable tolling), overruled on other grounds by *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); cf. *Rouse*, 339 F.3d at 250 n. 14 (suggesting that equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment").

B. **Ineffective Assistance Claim**

    1. **Plea Stage**

The Plaintiff contends that his attorney provide ineffective assistance at the Plea stage of his proceedings because "he was unaware that he was gong to get 70 months" and that his attorney had informed him that if the court departed upward that he would get no more than 60 months. (ECF No. 25, p. 10).

To the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997). The Defendant has not shown that he "would not have [pled] guilty and would have insisted on going to trial" absent his attorney's misrepresentations. *See Tinajero-Ortiz v. U.S.* 635 F.3d 1100, 1104 (C.A.8 (S.D.),2011); *citing Hill v. Lockhart*, 474 U.S. 52 at 59 (1985).

The Defendant admitted in the Plea Agreement that, while he was pleading guilty to one count of Delivery of Methamphetamine and that the Government would dismiss the remaining three counts (ECF No. 17, ¶1), he had actually engaged in four instances of delivery of methamphetamine (Id., ¶2). The Plea Agreement also clearly stated that the maximum punishment for the offense was "a term of imprisonment for not less than five (5) years nor more than forty (40). (Id., ¶8)

The law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir.1994). Furthermore, a defendant's reliance on

an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence. See *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir.1990).

The Defendant's argument that his attorney had informed him that he would not receive more than 60, even if believable, would not support a claim for tolling the statute of limitations. The Plea Agreement specifically provided that the Sentencing Guidelines were advisory (ECF No. 17, ¶11), that the Agreement did not promise a specific sentence (Id., ¶12), and that any discussion concerning sentencing was "merely [an] attempt to guess at what appears to be the correct guideline range".

The rule is clear that a defendant cannot set aside a guilty plea merely because he relied on his attorney's opinion that the sentence would be a lenient one. *Greathouse v. United States*, 548 F.2d 225, 228 n.6 (8th Cir.), cert. denied, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977).

**2. Sentencing**

The Defendant also contends that his attorney was ineffective because he failed to object to the sentence imposed. (ECF No. 25, p. 12). The Defendant admits that his attorney went over the PSR with him but had informed him that he "was going to receive a sentence of 55-60 months" (Id., p. 11). The PSR report, however, states that the guidelines range for incarceration was 70-87 months (See PSR ¶50) and the court advised the Defendant that the statutory range of punishment was not less than five years nor more than 40 years and that the court could sentence him to anything within the statutory range. Where "a defendant is invariably informed that the sentencing decision rests solely in the discretion of the trial court," *United States v. Goodman*,

590 F.2d 705, 711 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979), and where the defendant states at the sentencing hearing that he understood the negotiated plea and that there were no promises other than the plea agreement, *Pennington v. Housewright*, 666 F.2d 329, 332 (8th Cir. 1981), cert. denied, -- U.S. --, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the plea will not be set aside as involuntary. *Hollis v. U.S.,* 687 F.2d 257, 260 (C.A.Mo., 1982).

The Defendant contends that during sentencing the court stated "for been his first offense I would considered a sentence of 55 months, but, Prosecutor order a 70 months sentence". (ECF No. 25, p. 12). The court has reviewed the sentencing hearing and determined that no such representation was made by the court. The sentencing judge did state that he had reviewed the file in detail and the factors set forth in 3553(a) and that he felt that this particular case was a Guidelines case and that he intended to impose a sentence of 70 months. There is no evidence in the record to suggest that the sentencing judge ever considered a sentence below the guidelines range and the Defendant's assertion is a purposeful distortion of the record.

In this instance counsel secured for the Defendant dismissal of three counts of delivery, a 2 point reduction under §2D1.1 and a 3 point reduction for acceptance of responsibility. It can hardly be argued that the stated performance of the Defendant's attorney was " so outrageous or so incompetent as to render it extraordinary" (See *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002)) and thus qualify for equitable tolling.

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; Davis, 423 F.3d at 877. To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 *894 F.3d 616, 620 (8th Cir.1999).

In this case the PSR provided for a guidelines range of 70-87 months and the court sentenced the Defendant to the lowest possible sentence within the guidelines.  There is nothing to show that the Defendant was prejudiced in any way by the allegations he has made against his attorney.

## C.  Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.*  541 F.3d 814, 817 (C.A.8 (Mo.),2008).

The record in this case is clear that on its face that the Defendant Motion is time barred

and there is no basis for tolling the limitations time.

**D. Motion for Fast Track Program**

The Defendant filed a Motion to be treated under the Fast Track Program (ECF No. 28) on March 23, 2012.

On March 1, 2012 the Western District of Arkansas adopted the recommendation of the Attorney General to implement a "Fast Track Program" for violations of 8 U.S.C. §1326 which provides that any alien who:

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both. *See 8 U.S.C.A. §1326(a)*.

The Defendant in this case was not charged or convicted under the applicable statute providing for a fast track program but was convicted under 21 U.S.C. §841(a)(1) and (b)(1)(B)(viii) and the Defendant's Motion to be considered for the Fast Track Program should be DENIED.

Also, for the reasons stated above, the Defendant's request to Amend his Motion to Vacate under 28 U.S.C. 2255 should be DENIED.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 (ECF No. 24) be DISMISSED with PREJUDICE and that the Defendant's Motion for Fast Track Application (ECF No. 28) be DENIED.  The court further recommends that the Defendant's Motion for Transcript be DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 4th day of April 2012

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE